Harper, Ch.
Dissenting. I have no question of the truth of the rule, as laid down by the Chancellor below, that the majority of the members of a partnership are to govern, provided they do not violate the fundamental articles of their agreement. The question is, whether the acceptance of a charter of incorporation by a majority of the stockholders, is such a violation of their agreement. The articles stipulate that the subscribers shall form a joint stock company, to be called the Southern Steam Packet Association. Has this agreement been violated % Why, the terms of it relate quite as aptly to an incorporated as to an unincorporated company.
I suppose that four-fifths of the joint stock companies in the United States are incorporated. The corporation is in the very words of the agreement, a joint stock company called the Southern Steam Packet Association. If incorporation were not contemplated at the same time of signing, which may fairly enough be inferred, certainly there *102 was nothing to restrain it. It is true, the majority have no right to vary the liabilities of their fellows. But it is plain that the stipulation that the subscribers should not be liable beyond the amount annexed to their names, had relation only to Capt. Pennoyer. He was to contract for the building of the boat, on his own credit; and if he incurred expenses beyond the amount subscribed, it would have been his own loss, as against him the stipulation was equally valid in favor of the partners or corporators.
But certainly they could not limit their liabilities as to creditors at large, but must have been liable to the full extent of their property.
The charter, therefore, limiting their liabilities to double the amount of their stock, was not to increase, but to lessen their liabilities — not a prejudice, but a benefit.
It has been suggested that the terms of the agreement were violated, by the charter’s incorporating not only the present members, but those who might hereafter become members. It is said that the defendants might become associated with partners, or fellow corporators, whom they never contemplated. But when the defendants signed the articles, there were other shares to be taken, and they were utterly ignorant whether they would be taken by few or many persons, and who these would be. Those who signed first, were ignorant of the whole of their associates, but took the risk, as to who and how many they should be; and we cannot suppose that some members have privileges in this respect more than others. I cannot but think the objection frivolous.
The defendants cannot be compelled to become corpora-tors, against their will, but they may be compelled to perform an agreement for the payment of money, into which they fairly and deliberately entered, and against the performance of which I do not perceive that they have a shadow of excuse. The right which the defendants’s partners as individuals, had to enforce the agreement, was devolved on the incorporated company by the act of incorporating them. This would not be questioned as to one who had concurred in applying for incorporation; and there is no greater reason to question it with respect to any person who made a valid contract with those individuals.